IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

MILLICENT M. ANDRADE,          )     CIVIL NO. 13-00255 LEK-KSC
                               )
          Plaintiff,           )
                               )
     vs.                       )
                               )
US BANK NATIONAL ASSOCIATION,  )
as Trustee for the Structured  )
Asset Investment Loan Trust,   )
2005-HE3,                      )
                               )
          Defendant.           )
_____)

**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS
COMPLAINT AND EXPUNGE LIS PENDENS AND GRANTING
PLAINTIFF'S MOTION TO TAKE JUDICIAL NOTICE**

On May 28, 2013, Defendant US National Bank

Association, as Trustee for the Structured Asset Loan Trust 2005-

HE3 ("Defendant" or "US Bank"), filed its Motion to Dismiss

Complaint and Expunge Lis Pendens ("Motion"). [Dkt. no. 5.] Pro

se Plaintiff Millicent Andrade ("Plaintiff") jointly filed her

Memorandum in Opposition and Motion to Take Judicial Notice

("Judicial Notice Motion") on June 18, 2013. [Dkt. no. 9.]

Defendant filed its Reply on July 1, 2013. [Dkt. no. 14.]

These matters came on for hearing on August 19, 2013.

Appearing on behalf of Defendant were Audrey Yap, Esq., and

Carol Eblen, Esq., and Plaintiff appeared by telephone. After

careful consideration of the Motion and Judicial Notice Motion,

supporting and opposing memoranda, and the arguments of counsel,

Defendant's Motion is HEREBY GRANTED, and Plaintiff's Judicial

Notice Motion is HEREBY GRANTED for the reasons set forth below.

## BACKGROUND

On April 25, 2013, Plaintiff filed her Complaint against Defendant in state court. [Notice of Removal (dkt. no. 1), Exh. A ("Complaint").] On May 20, 2013, Defendant removed the instant action to this district court. [Dkt. no. 1.]

On or about June 14, 2005, Plaintiff executed a mortgage ("Mortgage") and promissory note ("Note") in favor of B.N.C. Mortgage, Inc. ("BNC"), secured by real property located at 2090 Hanalima Road, Apt. #DD201, Lihue, Hawaiʻi (the "Property"). [Complaint at ¶ 2; Motion, Exh. A ("Mortgage") at 2.] According to Plaintiff, Mortgage Electronic Registration System, Inc. ("MERS") acted as "nominee" on behalf of BNC with respect to BNC's rights and interests under the Mortgage. [Complaint at ¶ 2.] The Mortgage gave MERS, as nominee for BNC, a security interest in the Property. [Mortgage at 3.] On or about June 13, 2005, Andrade executed a second mortgage ("Subordinate Mortgage") and note ("Subordinate Note") in favor of BNC, which was also transferred to MERS as nominee for BNC.[1] The Subordinate Mortgage also granted MERS, as nominee, a junior security interest in the Property. [Complaint, Exh. D

---

[1] The Court notes that Complaint does not contain allegations regarding the Subordinate Mortgage or the Subordinate Note. None of the parties' memorandum distinguish the Subordinate Mortgage from the Mortgage, or the Subordinate Note from the Note, except for Defendant's Reply.

("Stipulation") at 2.][2]

According to the Stipulation, both the Mortgage and Subordinate Mortgage were transferred to Lehman Brothers Bank FSB (now known as Aurora Bank FSB) on July 22, 2005, and then from Lehman Brothers Bank FSB to LBHI, and from LBHI to Structured Asset Securities Corporation ("SASCO") on August 30, 2005.  SASCO immediately sold the Mortgage and Subordinate Mortgage into a securitization trust called SAIL 2005-HE3 (the "Trust"), of which Defendant is the Trustee.  [Id. at 2-3.]

The Complaint alleges that BNC filed for Chapter 11 bankruptcy in the United States Bankruptcy Court for the Southern District of New York on January 9, 2009.  [Complaint at ¶¶ 2, 3, 24.]  Plaintiff learned that MERS subsequently executed an assignment of the Mortgage and Note ("Assignment") to Defendant, dated July 22, 2009.  On May 5, 2011, Defendant recorded a Mortgagee's Affidavit of Foreclosure Sale under Power of Sale ("Mortgagee's Affidavit") in the Land Court System as Document No. 4070719.  The Mortgagee's Affidavit states that, pursuant to

---

[2] The Complaint asserts that the Stipulation, attached as "Exhibit D" to the Complaint, is an order titled, "Stipulation, Agreement and Order Between BNC Mortgage LLC and Millicent Andrade Providing Relief From the Automatic Stay With Regard to Certain Real Property Located in Lihue, Hawaii."  The Stipulation asserts that it is related to the bankruptcy proceedings of Lehman Brothers Holdings, Inc. ("LBHI") and some of its subsidiaries ("Debtors").

Haw. Rev. Stat. § 667-5[3] regarding nonjudicial foreclosure, the Property was sold to Defendant by public auction on April 26, 2011.  Defendant also filed a complaint for an action to foreclose ("Foreclosure Action") on the Property on April 2, 2012, which is still pending.  [Id. at ¶ 24.]

The Complaint alleges that, because BNC filed for Chapter 11 bankruptcy six months before MERS executed the Assignment in favor of Defendant, the Assignment is invalid. According to Plaintiff, MERS, which was acting as "nominee" for BNC, "had no authority to transfer and/or assign all of [BNC's] rights, title and interest in Plaintiff's mortgage[.]"  [Id. at ¶ 3.]  Plaintiff further alleges that, Defendant, as a named creditor in BNC's bankruptcy case, had knowledge of BNC's bankruptcy petition, but nevertheless executed the Assignment for the purpose of collection.  [Id. at ¶¶ 4, 6.]  Finally, Plaintiff states that, "[d]efendant cannot show proper receipt, possession, transfer, negotiations, assignment and ownership of the borrower's original Promissory Note, resulting in imperfect security interest and claims."  [Id. at ¶ 7.]

Plaintiff's First Cause of Action - Wrongful Foreclosure ("Count I") alleges that Defendant's foreclosure on the Property was wrongful on multiple grounds.  The Complaint

---

[3] Although in effect at the time of Defendant's foreclosure of the Property, Haw. Rev. Stat. § 667-5 was repealed effective June 28, 2012.  See Haw. Sess. Laws 2012, ch. 182, § 50.

provides:

      23.  Plaintiff alleges Defendant did not have the right to foreclose on the Property because the Assignment of Mortgage made on July 22, 2009 by MERS quintessentially lacked the approval of the U.S. bankruptcy court that holds this asset in Trust.

      24.  Plaintiff alleges Defendant, knowingly and willfully, evaded bankruptcy laws when it proceeded enforcement under the authority of the defective Assignment[.]

      . . . .

      25.  Plaintiff is also informed and believes and there upon alleges Defendant does not own the Note nor has any legal relationship to the Note.  Without ownership of the note, the beneficiary of the Mortgage cannot foreclose.

      26.  Plaintiff contends that Defendant does not have the right to foreclose on the Property because it does not own the Note executed by Plaintiff originally.

      27.  Plaintiff is informed and believes and there upon alleges that the only individual entity which may have standing to foreclose is BNC Mortgage.

[Id. at ¶¶ 23-27.]

The Complaint further alleges that, in order for Defendant to have a valid and enforceable secured claim against the Property, Defendant must prove and certify that it obtained the Mortgage in compliance with its pooling and service agreement ("PSA") with BNC.  Pursuant to the terms of the PSA, BNC agreed to transfer and endorse the Mortgage and Note to Defendant before the closing of the Trust on August 23, 2005.  The Complaint

alleges that any security interest that Defendant claims in the
Property is rendered invalid by: (1) "[t]he splitting or
separation of title, ownership and interest in Plaintiff's Note
and Mortgage of which BNC Mortgage is the holder, owner and
beneficiary of Plaintiff's mortgage;" and (2) the failure to
comply with the terms of the PSA, including transfer of the
Mortgage before August 20, 2005, in accordance with the PSA, or
before August 23, 2005, the closing date of the Trust.  [Id. at
¶¶ 29-30.]

     Plaintiff's Second Cause of Action:  Quiet Title
("Count II") is to quiet title to the Property pursuant to Haw.
Rev. Stat. § 669-1(a) and Haw. Const. art. XVI, § 12.  Plaintiff
contends that she is the true owner of the Property pursuant to
her Warranty Deed, which was recorded in the State of Hawai'i
Land Court System on June 23, 2005, as Document No. 3286066.
[Id. at ¶¶ 32-34 (citing Complaint, Exh. C).]

     The Complaint provides:

     35.  The foundation for Plaintiff's quiet title
          action is based upon the receipt of [the
          Stipulation].

     . . . .

     38.  Plaintiff is informed and believes that
          Defendant, by claiming any legal or equitable
          title, estate, lien or interest in the
          property is an adverse claim against the
          original lender, BNC and adverse to the
          Property.

[Id. at ¶¶ 35, 38 (emphasis omitted) (citing Stipulation).]

6

Plaintiff alleges that the Stipulation grants her relief from the bankruptcy stay to exercise her non-bankruptcy rights and remedies as to the Property, including the commencement of an action to quiet title. [Id. at ¶ 36.]

Plaintiff seeks the following relief:  declaratory relief stating that the "Mortgage Originator, the Depositor and the Sponsor" have released the Property to Plaintiff pursuant to the August 6, 2012 Stipulation;[4] declaratory relief stating that Defendant has no legitimate enforceable secured or unsecured claim to the Property against Plaintiff; an injunction permanently enjoining Defendant from claiming any right adverse to Plaintiff with regard to the Property; actual and punitive damages; and any other appropriate relief.

## I.   Motion

Defendant asks the Court to dismiss the Complaint for failure to state a claim upon which relief may be granted. [Motion at 2.]  At the outset, Defendant contends that it is currently the owner of the Mortgage and Note pursuant to the Assignment, which was filed in the Office of the Assistant Registrar of the Land Court of the State of Hawaiʻi as Document No. 3884430.  Defendant also notes that it sought to foreclose on the Property on April 2, 2012 because Plaintiff defaulted on the

---

[4] The Complaint states that the Stipulation is dated August 6, 2012.  The Stipulation attached to the Complaint, however, is dated August 7, 2012.  [Stipulation at 5.]

Mortgage and Note.  [Mem. in Supp. of Motion at 4.]

A. **Wrongful Foreclosure**

Defendant contends that Count I fails as a matter of law because Plaintiff lacks standing to challenge the validity of the Assignment.  According to Defendant, "[o]nly parties to a voidable contract can seek avoidance of that contract." [Id. at 7 (citation omitted).]  Defendant cites several cases in support of its contention that "only the parties to the pooling and service agreement may argue that a mortgage was not made a part of it." [Id. at 7-8 (some citations omitted) (citing Benoist v. U.S. Bank Nat'l Ass'n, Civil No. 10-00350 JMS-KSC, 2012 WL 3202180, at *4 (D. Hawai'i Aug. 3, 2012)).]

Defendant next argues that BNC's Chapter 11 bankruptcy status does not render its Assignment void.  Defendant argues that this district court has previously rejected theories similar to Plaintiff's theory that the Assignment is invalid because BNC had already filed for bankruptcy.  [Id. at 8 (citing Camat v. Fed. Nat'l Mortg. Ass'n, Civil No. 12-00149 SOM/BMK, 2012 WL 2370201, at *7-8 (D. Hawai'i June 22, 2012)).]

Defendant also relies on Kiah v. Aurora Loan Services, LLC, Civil Action No. 10-40161-FDS, 2011 WL 841282, at *1 n.1 (D. Mass. Mar. 4, 2011), for an explanation as to the role of MERS. Essentially, Defendant asserts that MERS acts as the mortgagee of record for mortgage loans that are registered in its system, and

8

remains as such so long as the parties involved in any sale of the mortgage are members.  Based on the foregoing assertion, Defendant argues that, "the mere fact that the Assignment from MERS to US Bank was recorded on July 22, 2009, does not mean that the transfer of ownership from BNC to its successor-in-interest actually occurred on July 22, 2009." [Mem. in Supp. of Motion at 9.]

According to Defendant, "[t]he Mortgage explicitly appoints MERS 'as nominee for the Lender and Lender's successors and assigns[,]'" with the term "Lender" referring to BNC. [Id. (quoting Mortgage at 3).] Based on the language in the Mortgage, Defendant argues that MERS was at all times authorized to take any action required of BNC and/or its successors and assigns, including the right to execute the Assignment.  Thus, Defendant contends, "BNC's bankruptcy would not prevent its successors and assigns, including US Bank, from seeking transfer of the mortgage from MERS." [Id. at 9-10 (citation omitted).]

B.   **Quiet Title**

According to Defendant, in order to assert a claim for quiet title, "a borrower must allege he or she has paid, or is able to tender the amount of indebtedness." [Id. at 10 (citing Fed. Nat'l Mortg. Ass'n v. Kamakau, Civil No. 11-00475 JMS/BMK, 2012 WL 622169, at *9 (D. Hawai'i Feb. 23, 2012)).] Here, Defendant emphasizes that Plaintiff has not indicated that she

has paid the outstanding balance on the Mortgage, or even that she is able to do so.  Thus, Defendant argues, Count II fails as a matter of law.  [Id.]

In conclusion, Defendant argues that the Complaint should be dismissed, and that any and all *lis pendens* filed in connection to the instant matter should be expunged and released. [Id. at 10-11.]

## II.  **Memorandum in Opposition**

### A.  **Plaintiff's Right to Quiet Title to the Property**

Plaintiff maintains that she is the rightful owner of the Property, and appears to argue that, pursuant to the Stipulation, she has satisfied her obligations under the Mortgage.  Plaintiff argues that Defendant's pending Foreclosure Action and Mortgagee's Affidavit are both clouds on Plaintiff's title to the Property.  [Mem. in Opp. at 3.]

In conjunction with her Memorandum in Opposition, Plaintiff also filed her Judicial Notice Motion, requesting that the Court take judicial notice of the Stipulation.  Plaintiff argues that the Stipulation between her and BNC served to release the Property to Plaintiff so that she could exercise her non-bankruptcy rights, which includes the commencement of an action to quiet title.  Thus, Plaintiff argues, the Stipulation is evidence that MERS, as nominee, executed the Assignment to Defendant without BNC's knowledge.  Plaintiff further contends

10

that the Stipulation demonstrates that the Property was being held subject to BNC's bankruptcy estate, and required Defendant to obtain the bankruptcy court's express approval of the Assignment before obtaining "standing to pursue foreclosure." [Id. at 4-5.]

    B.    **Validity of the Assignment**

        Plaintiff again relies on the Stipulation in support of her next arguments that BNC's bankruptcy renders the Assignment void and that Defendant is in violation of United States Bankruptcy laws.  Plaintiff's main argument appears to be that, because MERS and Defendant executed the Assignment without the express approval of the bankruptcy court, the Assignment is rendered invalid.  [Id. at 5.]  In making this argument, Plaintiff relies on various cases.

        First, Plaintiff cites Deutsche Bank National Trust Co. v. Williams, Civil No. 11-00632 JMS/RLP, 2012 WL 1081174 (D. Hawai'i Mar. 29, 2012), and Deutsche Bank National Trust Co. v. McKiernan, Case I.D. 1CC09-000910 (Haw. 1st Cir.).[5]  According to Plaintiff, the district court granted Williams's motion to dismiss because Home 123 Corporation ("Home 123") assigned the mortgage and note to Deutsche Bank National Trust Co. ("Deutsche Bank") after filing its bankruptcy petition, and without approval

_____

    [5] Plaintiff appears to refer to an order issued in connection with McKiernan in support of her argument, but failed to supply the Court with a copy of the referenced documents.

of the bankruptcy court.   [Mem. in Opp. at 6.]

Second, Plaintiff cites New Century Mortgage Corp. v. Braxton, No. 09 MISC 393485(GHP), 2010 WL 59277 (Mass. Land Ct. Jan. 11, 2010).  According to Plaintiff, "the court held that plaintiffs had not proved standing without express trustee approval[.]"  [Mem. in Opp. at 6 (emphasis omitted).]

**C.   Defendant's Standing to Foreclose on the Property**

Plaintiff contends that, without receiving leave of the bankruptcy court to execute the Assignment, Defendant lacked standing to foreclose on the Property.  Plaintiff takes issue with Defendant's argument that BNC's bankruptcy does not render the Assignment from MERS to Defendant void.  [Id. (quoting Mem. in Supp. of Motion at 8).]  Plaintiff contends that, in making this argument, Defendant has "intentionally omitted BNC from the equation[,] escalating MERS into the status as an autonomous agent."  [Id.]

Plaintiff also takes issue with Defendant's assertion that the Mortgage authorized MERS to take any action required of BNC and/or its successors or assigns.  In opposition, Plaintiff asserts that the language contained in the Mortgage was insufficient to establish MERS's status as BNC's agent. [Id. at 6-7 (citing In re Agard, 444 B.R. 231, 252 (Bankr. E.D.N.Y. 2001)).]  Plaintiff then quotes the Agard court in stating, "the fact that MERS is named 'nominee['] in the Mortgage is not

12

dispositive of the existence of an agency relationship and does not, in and of itself, give MERS *any* 'authority to act.'" [Id. at 7 (emphasis in Mem. in Opp.) (quoting Agard, 444 B.R. at 253).]

Plaintiff points to Defendant's reliance on Camat and Kiah for its proposition that courts have previously rejected Plaintiff's theory that assignments are void due to bankruptcy proceedings.  Plaintiff appears to assert that, because there is "a clear distinction between bankruptcy and dissolution[,]" these cases are not on point.  [Id. at 7-8.]

Plaintiff then points to the Motion where, after quoting Kiah, Defendant stated the following:  "Accordingly, the mere fact that the Assignment from MERS to US Bank was recorded in July 22, 2009 **does not mean that the transfer of ownership from BNC to its successor-in interest actually occurred on July 22, 2009**." [Id. at 8 (emphasis in Mem. in Opp.) (quoting Mem. in Supp. of Motion at 9).]  According to Plaintiff, this statement constitutes Defendant's admission that the execution date is not indicative of the actual transfer date, and thereby discredits its own Assignment.  Plaintiff posits that "if an Assignment does not transfer anything on the executed date, then how is it being used as evidence of ownership to prove standing?"  Plaintiff argues that Defendant's statement should give the Court good cause for a closer examination of the Assignment.  [Id.]

13

Plaintiff does not contest Defendant's argument that BNC's bankruptcy status would not stop transfers of the Mortgage by MERS.  Plaintiff does, however, argue that any transfer of the Mortgage by MERS that took place after BNC filed for bankruptcy would only be valid with leave of the bankruptcy court. Plaintiff asserts that the main issue in this case is whether the Assignment is a nullity such that Defendant would have "failed to prove standing without the express approval of the bankruptcy court."  [Id.]

In conclusion, Plaintiff argues that this Court should deny Defendant's Motion.

## III. **Reply**

### A.   **Plaintiff's Standing to Challenge the Assignment**

Defendant argues that Plaintiff has failed to address the fact that she "lacks standing to bring any affirmative claim challenging the Assignment of the Mortgage."  [Reply at 2 (citations omitted).]  Defendant argues that, contrary to Plaintiff's assertions, legal standing is a plaintiff's requirement.  Because Defendant has not asserted affirmative claims in this case, Defendant contends that it does not need to establish standing to defend against Plaintiff's Complaint.  [Id. at 3 (some citations omitted) (citing Benoist, 2012 WL 3202180, at *6).]

14

B.  __The LBHI Bankruptcy Estate__

According to Defendant, Plaintiff has argued that the Stipulation is evidence of her satisfaction of the Mortgage, and that the Property was being held under the LBHI bankruptcy estate.  Defendant responds by asserting that the Stipulation is actually in direct conflict with Plaintiff's arguments. Defendant quotes the Stipulation, "[a]s of the Commencement Date, therefore, none of the Debtors held a direct interest in the [Mortgage or Subordinate Mortgage]."  [Id. at 3-4 (emphasis omitted) (quoting Stipulation at 3).]  Based on this language, Defendant argues that the Stipulation establishes that LBHI and Debtors held no interest regarding the Property as of September 15, 2008, the date that LBHI and Debtors filed for bankruptcy.  [Id. at 4 (citing 11 U.S.C. § 541(a)(1) (stating that a bankruptcy estate "is comprised of . . . all legal or equitable interests of the debtor in the property as of the date of the commencement of the case.")).]

C.  __Validity of the Assignment__

Defendant maintains that the Assignment is valid. Defendant argues that, because the Mortgage was not part of the LBHI bankruptcy estate, the Assignment did not require bankruptcy court approval.  [Id. at 4-5 (citing Stalford v. Lion Fin., LLC (In re Lancaster Mortg. Bankers, LLC), 391 B.R. 714, 723 (Bankr. D.N.J. 2008)).]

Defendant also maintains its argument that, despite BNC's bankruptcy petition, MERS did not require the bankruptcy court's approval in executing the Assignment.  Defendant argues that this district court has expressly rejected the argument that MERS would require the bankruptcy court's approval to assign a mortgage after the original mortgagee has filed for bankruptcy. [Id. at 5 (citing Cooper v. Bank of New York Mellon, Civil No. 11-00241 LEK-RLP, 2011 WL 3705058, at *13 (D. Hawai'i Aug. 23, 2011)).]  Defendant contends that, where MERS holds a mortgage as a "nominee" for the original mortgagee and/or its successors and assigns, MERS retains authority to assign the mortgage, even after the mortgagee has filed for bankruptcy.  [Id. (citations omitted).]

Defendant asserts that, because the Mortgage explicitly appoints MERS as nominee for BNC, the Mortgage authorized MERS to take any action required of BNC or its successors and assigns, including the right to assign the Mortgage.  Defendant further asserts that the Assignment expressly provides that MERS was acting in its capacity "'as a nominee for [BNC], . . . its successors and assigns' in executing the Assignment."  [Id. at 6 (quoting Reply, Decl. of Audrey M. Yap, Exh. B at 1).]  Defendant contends that, based on the express disclosures in the Mortgage regarding MERS's authority to transfer the Mortgage to Defendant, Plaintiff has no basis to assert that the Assignment is void.

16

In conclusion, Defendant argues that the Complaint should be dismissed, and any and all *lis pendens* or notices of pendency of action filed in connection with this matter should be expunged and released.

**STANDARD**

I.   **Motion to Dismiss**

Federal Rule of Civil Procedure 12(b)(6) permits a motion to dismiss a claim for "failure to state a claim upon which relief can be granted[.]"

> Under Rule 12(b)(6), review is generally limited to the contents of the complaint. <u>Sprewell v. Golden State Warriors</u>, 266 F.3d 979, 988 (9th Cir. 2001). . . .
>
> On a Rule 12(b)(6) motion to dismiss, all allegations of material fact are taken as true and construed in the light most favorable to the nonmoving party. <u>Fed'n of African Am. Contractors v. City of Oakland</u>, 96 F.3d 1204, 1207 (9th Cir. 1996).  To survive a motion to dismiss, a complaint must contain sufficient factual matter to "state a claim to relief that is plausible on its face." <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." <u>Ashcroft v. Iqbal</u>, --- U.S. ----, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009).  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." <u>Id.</u> (citing <u>Twombly</u>, 550 U.S. at 554, 127 S. Ct. 1955).
>
> <u>Hawaii Motorsports Inv., Inc. v. Clayton Group Servs., Inc.</u>, 693 F. Supp. 2d 1192, 1195-96 (D.

Hawai`i 2010).

This Court, however, notes that the tenet that the court must accept as true all of the allegations contained in the complaint — "is inapplicable to legal conclusions." Iqbal, 129 S. Ct. at 1949.  Factual allegations that only permit the court to infer "the mere possibility of misconduct" do not show that the pleader is entitled to relief.  Id. at 1950.

"Dismissal without leave to amend is improper unless it is clear that the complaint could not be saved by any amendment." Harris v. Amgen, Inc., 573 F.3d 728, 737 (9th Cir. 2009) (citation and quotation marks omitted).

Enriquez v. Countrywide Home Loans, FSB, 814 F. Supp. 2d 1042, 1055 (D. Hawai`i 2011) (some citations omitted).

Defendant attached the Mortgage to the instant Motion, and there are several relevant exhibits attached to the Complaint itself, including the Stipulation.  This district court has recognized that:

When a defendant attaches exhibits to a motion to dismiss, the court ordinarily must convert the motion into a summary judgment motion so that the plaintiff has an opportunity to respond.  Parrino v. FHP, Inc., 146 F.3d 699, 706 n.4 (9th Cir. 1998).  However, a court "may consider evidence on which the complaint 'necessarily relies' if: (1) the complaint refers to the document; (2) the document is central to the plaintiff's claim; and (3) no party questions the authenticity of the copy attached to the 12(b)(6) motion." Marder v. Lopez, 450 F.3d 445, 448 (9th Cir. 2006).  The court may treat such a document as "part of the complaint, and thus may assume that its contents are true for purposes of a motion to dismiss under Rule 12(b)(6)." United States v. Ritchie, 342 F.3d 903, 908 (9th Cir. 2003).

Yamalov v. Bank of Am. Corp., CV. No. 10-00590 DAE-BMK, 2011 WL

1875901, at *7 n.7 (D. Hawai`i May 16, 2011).

## II.  **Judicial Notice**

Rule 201 of the Federal Rules of Evidence governs when a federal district court may take judicial notice of an adjudicative fact.  Rule 201 provides in pertinent part:

> The court may judicially notice a fact that is not subject to reasonable dispute because it:
> (1) is generally known within the trial court's territorial jurisdiction; or
> (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned.

Fed. R. Evid. 201.

## **DISCUSSION**

## I.  **Judicial Notice of the Stipulation**

As an initial matter, the Court will address Plaintiff's Judicial Notice Motion.  This district court has recognized that:

> This court "may take notice of proceedings in other courts, both within and without the federal system, if those proceedings have a direct relation to matters at issue." United States ex rel. Robinson Rancheria Citizens Council v. Borneo, Inc., 971 F.2d 244, 248 (9th Cir. 1992). A court may also take judicial notice of the existence of matters of public record, such as a prior order or decision, but not the truth of the facts cited therein.  See Lee v. City of Los Angeles, 250 F.3d 668, 689-690 (9th Cir. 2001); see also Interstate Natural Gas Co. v. Southern California Gas Co., 209 F.2d 380, 385 (9th Cir. 1953) (holding that a court may take judicial notice of records and reports of administrative bodies).

Finley v. Rivas, Civ. No. 10-00421 DAE-KSC, 2010 WL 3001915, at *2 n.2 (D. Hawai`i July 31, 2010).

Plaintiff alleges that the United States Bankruptcy Court for the Southern District of New York issued the Stipulation.  [Complaint at ¶ 35.]  The Stipulation asserts that it is related to the bankruptcy proceedings of LBHI and Debtors.  [Stipulation at 1.]  Because the Stipulation is an order of public record, the Court HEREBY GRANTS Plaintiff's Judicial Notice Motion, and takes judicial notice of the Stipulation.[6]

## II.  Count I - Wrongful Foreclosure

Count I of the Complaint alleges that Defendant conducted a wrongful foreclosure of the Property.  Plaintiff alleges that:  (1) the Assignment from MERS to Defendant is invalid; (2) Defendant cannot foreclose because it does not own the Note; and (3) Defendant does not have a valid security interest in the Property because it failed to comply with the terms of the PSA.  [Id. at ¶¶ 22, 25-26, 30.]

### A.   The Validity of the Assignment

Plaintiff alleges that, because the bankruptcy court

---

[6] The Court emphasizes, however, that it does not take judicial notice of the facts cited within the Stipulation.  See Lee, 250 F.3d at 689-90.  Although the Court cites facts stated in the Stipulation, the Court notes that it does so only to the extent necessary to put into context the allegations of the Complaint and the arguments of Defendant's Reply.  The Court further notes that these cited facts do not alter its analysis or conclusions as to Defendant's Motion.

did not approve the Assignment, it is invalid. [Complaint at ¶ 23.] Plaintiff argues that Deutsche Bank National Trust Co. v. Williams, Civil No. 11-00632 JSM/RLP, 2012 WL 1081174 (D. Hawai'i Mar. 29. 2012), and New Century Mortgage Corp. v. Braxton, No. 09 MISC 393485(GHP), 2010 WL 59277 (Mass. Land. Ct. Jan. 11, 2010), support her argument. [Mem. in Opp. at 7-8.] In these cases, however, the issue was not whether the plaintiffs, the purported assignees of the defendants-borrowers' mortgages, required approval from the bankruptcy courts with respect to the assignments fo the mortgages. Instead, the Williams and Braxton courts dismissed the plaintiffs' actions because, in light of the assigning mortgagees' effective liquidation plans, both had failed to establish their legal standing to enforce the respective mortgages. In Williams, the court held that the plaintiff did not have legal standing because it failed to present evidence that, despite the original mortgagee's bankruptcy and liquidation prior to the execution of its purported assignment, the assignment was nevertheless valid. Williams, 2012 WL 1081174, at *3-4. Similarly, in Braxton, the court held that the plaintiff had no legal standing because it failed to show that it was the assignee of a valid assignment from the original mortgagee, which had already filed for bankruptcy and transferred all of its assets into a liquidation trust. Braxton, 2010 WL 59277, at *6. Although the Braxton

21

court noted that the plaintiff could have showed that the liquidation trustee permitted the assignment, <u>Braxton</u> is inapplicable here because the Complaint does not allege that BNC had a liquidation plan in effect at the time of the Assignment. <u>Id.</u>  Thus, <u>Williams</u> and <u>Braxton</u> do not support Plaintiff's argument that the lack of approval from the bankruptcy court renders the Assignment invalid.

Plaintiff also argues that MERS, acting as nominee on behalf of BNC, had no authority to execute the Assignment.  [Mem. in Opp. at 6-7.]  Plaintiff urges the Court to follow <u>In re Agard</u>, 444 B.R. 231 (Bankr. E.D.N.Y. 2001), <u>vacated in part by</u>, <u>Agard v. Select Portfolio Servicing, Inc.</u>, Nos. 11-CV-1826(JS), 11-CV-2366(JS), 2012 WL 1043690 (Mar. 28, 2012 E.D.N.Y.). Plaintiff argues that, in <u>Agard</u>, the court held that the fact that the subject mortgage named MERS the "nominee" and "mortgagee of record" was not dispositive of an agency relationship, and did not give MERS any authority to act.  [Mem. in Opp. at 7.]  The Mortgage provides:

> MERS is a separate corporation that is acting
> solely as a nominee for Lender and Lender's
> successors and assigns.  **MERS is the mortgagee**
> **under this Security Instrument.** . . .  Borrower
> understands and agrees that . . . MERS (as nominee
> for Lender and Lender's successors and assigns)
> has the right:  to exercise any or all of those
> interests, including but no limited to, the right
> to foreclose and sell the Property; and to take
> any action required of Lender[.]

[Mortgage at 3, 4 (emphasis in original).]

In <u>Cooper v. Bank of New York Mellon</u>, Civil No. 11-00241 LEK-RLP, 2011 WL 3705058, at *13 (D. Hawai'i Aug. 23, 2011), this Court analyzed a mortgage that contained identical language to the Mortgage in this case.  There, this Court stated, "[u]nder this plain language, MERS had the authority to take any action required of the lender." <u>Cooper</u>, 2011 WL 3705058, at *13; <u>see also</u> <u>Benoist</u>, 2012 WL 3202180, at *4-5 (concluding that the plaintiffs, the borrowers of a mortgage also containing identical language to the instant Mortgage, had "no basis to assert that [the lender] did not authorize MERS to transfer the mortgage").  After determining that MERS had such authority, this Court concluded that the lender's bankruptcy and "dissolution did not prevent its successors and assigns from seeking transfer of the mortgage from MERS." <u>Cooper</u>, 2011 WL 3705058, at *13 (citing <u>Kiah v. Aurora Loan Servs., LLC</u>, Civil Action No. 10-40161-FDS, 2011 WL 841282, at *4 (D. Mass. Mar. 4, 2011)).  In light of this district court's previous holdings, the Court declines to follow <u>Agard</u>.  The Court therefore CONCLUDES that, because the language in the Mortgage granted MERS the requisite authority, the Assignment of the Mortgage from MERS to Defendant is valid.

**B.    Defendant's Requirement to Produce the Note**

Plaintiff argues that Defendant did not have the right to foreclose on the Property because it did not own, nor does it have any legal relationship with, the Note.  [Complaint at ¶ 25.]

Defendant contends that it is the owner of the Note, as well as the Mortgage. [Mem. in Supp. of Motion at 4.] Defendant appears to have completed a nonjudicial foreclosure on the Property pursuant to Haw. Rev. Stat. § 667-5. [Complaint, Exh. A at 2.]

> This district court
>
> has rejected that HRS § 667-5 includes any affirmative requirement that the mortgagee produce the note-the plain language of § 667-5 includes no such requirement, and reading such requirement into § 667-5 would be inconsistent with decisions in other jurisdictions that have refused to a read a "show me the note" requirement into nonjudicial foreclosure statutes that do not otherwise explicitly include such a requirement.

Lee v. Mortg. Elec. Registration Sys., Inc., Civil No. 10-00687 JMS/BMK, 2012 WL 6726382 (D. Hawai'i Dec. 26, 2012) (citing Pascual v. Aurora Loan Servs., Civil No. 10-00759 JMS/KSC, 2012 WL 3583530, at *3 (D. Hawai'i Aug. 20, 2012)); see also Niutupuivaha v. Wells Fargo Bank, N.A., Civil No. 13-00172 LEK-KSC, 2013 WL 3819600, at *9 (D. Hawai'i July 22, 2013); Nottage v. Bank of New York Mellon, Civil No. 12-00418 JMS/BMK, 2012 WL 5305506, at *7 (D. Hawai'i Oct. 25, 2012); Fed. Nat'l Mortg. Ass'n v. Kamakau, Civil No. 11-00475 JMS/BMK, 2012 WL 622169, at *5 n.5 (D. Hawai'i Feb. 23, 2012). Thus, the Court CONCLUDES that, even if the Complaint's allegations that Defendant failed to establish that it owned or had any legal relationship with the Note are taken as true, such failures would not constitute a violation of Haw. Rev. Stat. § 667-5.

C.    **Plaintiff's Standing to Challenge Violations of the PSA**

Plaintiff alleges that deficiencies in the securitization process and non-compliance with the PSA regarding the Mortgage render invalid any security interest that Defendant may have in the Property.  [Complaint at ¶ 30.]  Plaintiff contends that these allegations further support Count I in the Complaint.

This Court has held that,

> as a general rule, a borrower's allegations of improper securitization and improper foreclosure and ejectment fail because third parties lack standing to raise a violation of the PSA. Billete[v. Deutsche Bank Nat'l Trust Co.], [Civil No. 13-00061 LEK-KSC,] 2013 WL 1367834, at *7 [(D. Hawai'i May 29, 2013)].  In Nottage, however, this district court denied the defendant's motion to dismiss where the complaint asserted that, at the time of the assignment, the assignor no longer existed because it had been acquired by another entity.  2012 WL 5305506, at *4.  Similarly, in Billete, this Court refused to dismiss the plaintiffs' claim that the assignment, subsequent foreclosure, and ejectment were invalid because the complaint alleged that the execution of the assignment occurred approximately six months after the assignor's dissolution.  2013 WL 1367834, at *7.

Niutupuivaha, 2013 WL 3819600, at *9 (citations omitted).  This Court concluded that the reasons for denying the defendant's motions to dismiss in Billete and Nottage were not present in Niutupuivaha.  The Court therefore dismissed the plaintiffs' claims for wrongful foreclosure because the complaint failed to

allege "any factual allegations to support a claim that the entity assigning [the defendant] its interest in [the plaintiffs'] loans did not exist or otherwise lacked standing to assign the loans to [the defendant]."  Id.

As in Niutupuivaha, the reasons for the denial of the defendants' motions to dismiss in Billete and Nottage are also not present in the instant case.  The Complaint does not contain any factual allegations to support a claim that BNC, the entity assigning Defendant its interest in the Mortgage, did not exist or otherwise lacked standing to assign the loans to Defendant. The Complaint merely alleges that, six months before the execution of the Assignment, BNC filed for bankruptcy. [Complaint at ¶ 3.]  Furthermore, the Court notes that the general rule, that borrowers lack standing to raise non-compliance with the terms of a PSA, also extends to Plaintiff's argument that Defendant's foreclosure was wrongful because the Trust was closed at the time of the Assignment.  See Billete, 2013 WL 1367834, at *7.[7]

---

[7] Plaintiff argues that Defendant's foreclosure of the Property was wrongful because it lacked standing to do so. [Complaint at ¶ 27; Mem. in Opp. at 6-8.]  Plaintiff's argument, however, "confuses a borrower's, as opposed to a lender's standing to raise affirmative claims."  Williams, 2012 WL 1081174, at *5; see also Williams v. Rickard, Civil No. 09-00535 SOM/KSC, 2011 WL 2116995 (D. Hawai`i May 25, 2011)).  In Rickard, the district court clarified the difference between the two, stating, "'[s]tanding is a plaintiff's requirement, and [the plaintiff-borrower] misconstrues the concept in arguing that [the (continued...)

This Court therefore GRANTS Defendant's Motion as to Count I.   Furthermore, the Court finds that the defects in Count I cannot be cured by any amendment, see Harris, 573 F.3d at 737, and HEREBY DISMISSES Count I WITH PREJUDICE.

## III.   Count II - Quiet Title

Count II of the Complaint is to quiet title to the Property pursuant to Haw. Rev. Stat. § 669-1(a) and Haw. Const. art. XVI, § 12.   The foundation of Count II is based upon the Stipulation, which, Plaintiff asserts, granted her relief from the automatic stay regarding LBHI's and Debtor's bankruptcy proceedings, as well as the right to commence an action to quiet title to the Property.   [Complaint at ¶¶ 35-36, 41.]

### A.   Haw. Rev. Stat. § 669-1(a)

Haw. Rev. Stat. § 669-1(a) provides, "Action may be brought by any person against another person who claims, or who may claim adversely to the plaintiff, an estate or interest in real property, for the purpose of determining the adverse claim."

In Phillips v. Bank of America, this district court noted:

in order to assert a claim for "quiet title"

---

[7](...continued)
defendants, the purported mortgagees,] must establish 'standing' to defend themselves." Rickard, 2011 WL 2116995, at *5.   Thus, the issue before the Court is whether Plaintiff is able to establish legal standing to raise affirmative claims against Defendant, and not whether Defendant can establish legal standing to enforce the Mortgage.

27

against a mortgagee, a borrower must allege they
have paid, or are able to tender, the amount of
indebtedness.  "A basic requirement of an action
to quiet title is an allegation that plaintiffs
'are the rightful owners of the property, *i.e.*,
that they have satisfied their obligations under
the deed of trust.'"  <u>Rosenfeld v. JPMorgan Chase
Bank, N.A.</u>, --- F. Supp. 2d ----, 2010 WL 3155808,
at *20 (N.D. Cal. Aug. 9, 2010) (quoting <u>Kelley v.
Mortg. Elec. Registration Sys.</u>, 642 F. Supp. 2d
1048, 1057 (N.D. Cal. 2009).  "[A] borrower may
not assert 'quiet title' against a mortgagee
without first paying the outstanding debt on the
property."  <u>Id.</u> (applying California law - <u>Miller
v. Provost</u>, 26 Cal. App. 4th 1703, 1707, 33 Cal.
Rptr. 2d 288 (1994) ("a mortgagor of real property
cannot, without paying his debt, quiet his title
against the mortgagee") (citation omitted), and
<u>Rivera v. BAC Home Loans Servicing, L.P.</u>, 2010 WL
2757041, at *8 (N.D. Cal. July 9, 2010)).

Civil No. 10-00551 JMS-KSC, 2011 WL 240813, at *13 (D. Hawai`i

Jan. 21, 2011); <u>see also</u> <u>Kamakau</u>, 2012 WL 622169, at *8-9

(concluding that the plaintiff-mortgagor had "not alleged

sufficient facts regarding the interests of various parties to

make out a cognizable claim for 'quiet title.'"); <u>Abubo v. Bank

of New York Mellon</u>, Civil No. 11-00312 JMS-BMK, 2011 WL 6011787,

at *5 (D. Hawai`i Nov. 30, 2011).

In <u>Klohs v. Wells Fargo Bank, N.A.</u>, Civil No. 12-00274

JMS-RLP, 2012 WL 4758126 (D. Hawai`i Oct. 4, 2012), this district

court stated:

a quiet title claim against a mortgagee (or
purported servicer for the mortgagee) requires an
allegation that Plaintiffs "ha[ve] paid, or [are]
able to tender, the amount of indebtedness."
[Fed. Nat'l Mortg. Ass'n v.] <u>Kamakau</u>, [Civil No.
11-00475 JMS/BMK] 2012 WL 622169, at *9 [(D.

Hawai`i Feb. 23, 2012)] ("A basic requirement of
an action to quiet title is an allegation that
plaintiffs are the rightful owners of the
property, *i.e.*, that they have satisfied their
obligations under the [note and mortgage]")
(internal quotations marks and citation omitted).
Many cases from this district and elsewhere rely
on this rule requiring a plaintiff "to establish
his superior title by showing the strength of his
title as opposed to merely attacking the title of
the defendant." <u>Amina v.. [sic] Bank of N.Y.
Mellon</u>, 2012 WL 3283513, at *3 (D. Haw. Aug. 9,
2012) (citing cases).

2012 WL 4758126, at *7 (footnote omitted) (some alterations in

<u>Klohs</u>).  The district court in <u>Klohs</u> also stated:

<u>Amina v. Bank of New York Mellon</u>, 2012 WL 3283513
(D. Haw. Aug. 9, 2012), explained that the tender
requirement does not apply "where the borrower
brings a quiet title claim against a party who,
according to the allegations in the Complaint
(which the court accepts as true), is not a
mortgagee and who otherwise has no interest in the
property whatsoever." <u>Id.</u> at *4.  This exception,
however, does not apply here, where Plaintiffs are
"seek[ing] a declaratory judgment that [Wells
Fargo], who falsely claims to be the servicer
despite that the Trust into which the Note and
Mortgage were sold has dissolved[.]"  Doc. No. 18,
Pls.' Opp'n at 7.  Plaintiffs are asserting that
Wells Fargo's status as a servicer for a mortgage
is invalid, and thus the tender requirement
applies.  <u>Id.</u> at *5 ("To be clear, . . . , this is
not a case where Plaintiffs assert that
Defendant's mortgagee status is invalid (for
example, because the mortgage loan was securitized
or because Defendant does not hold the note).").
If Plaintiffs' theory is that its title is
superior to that of Wells Fargo's "cloud on title"
(a purported right to foreclose), then Plaintiffs
are required to allege an ability to tender the
outstanding loan obligation.

<u>Id.</u> at *7 n.6 (some alterations in <u>Klohs</u>).  Applying this law to

the instant case, Plaintiff has failed to make sufficient factual

29

allegations to support a cognizable claim for quiet title against Defendant.

The Complaint alleges that, pursuant to the Stipulation, Plaintiff has the right to quiet title to the Property.  [Complaint at ¶¶ 35-36.]  In her Memorandum in Opposition, Plaintiff appears to argue that the Stipulation also evidences an agreement between her and BNC that Plaintiff satisfied her obligations under the Mortgage.  [Mem. in Opp. at 3.]  The Complaint, however, contains no allegations that Plaintiff has paid or is able to tender the outstanding debt, or has otherwise satisfied her obligations, with respect to the Mortgage and Note.  Furthermore, to the extent that Plaintiff has alleged some elements of a quiet title claim under Haw. Rev. Stat. § 669-1, these allegations are supported by mere conclusory statements.  This Court therefore CONCLUDES that Plaintiff has failed to state a plausible claim for quiet title under Haw. Rev. Stat. § 669-1.

**B.    Haw. Const. art. XVI, § 12**

The Complaint states that Plaintiff also brings Count II against Defendant pursuant to article XVI, section 12, of the Constitution of the State of Hawai'i, which provides:

> No person shall be deprived of title to an estate
> in real property by another person claiming
> actual, continuous, hostile, exclusive, open and
> notorious possession of such lands, except to real
> property of five acres or less.  Such claim may be
> asserted in good faith by any person not more than

30

once in twenty years.

Haw. Const. art. XVI, § 12.

In addressing Hawai`i constitutional claims brought against a private individual, this district court made the following statement, which is applicable to the instant case: "A constitutional claim requires 'state action' and here any alleged wrongdoing was done by private parties, not by a government actor. . . .  Moreover, it is not even clear that a violation of the Hawaii Constitution is, by itself, actionable." Long v. Deutsche Bank Nat'l Trust Co., Civil No. 10-00359 JMS/KSC, 2011 WL 5079586, at *19 n.4 (D. Hawai`i Oct. 24, 2011) (citing Mow by Mow v. Cheeseborough, 696 F. Supp. 1360, 1365 (D. Hawai`i 1988) ("The Hawaii state appellate courts have yet to enunciate whether the State recognizes a cause of action for damages arising from a deprivation of rights under the Hawaii Constitution as against individuals.")).

The Court therefore GRANTS Defendant's Motion as to Count II.  To the extent that Plaintiff seeks to quiet title pursuant to Haw. Rev. Stat. § 669-1, the Court finds that it is arguably possible for Plaintiff to cure the defects in Count II by amendment.  The Court also finds that Plaintiff's claim under Haw. Const. art. XVI, § 12 against Defendant, a private entity, cannot be cured by any amendment. See Harris, 573 F.3d at 737. Thus, with respect to Plaintiff's claim under Haw. Rev. Stat.

§ 669-1, Count II is DISMISSED WITHOUT PREJUDICE.  Plaintiff's claim under Haw. Const. art. XVI, § 12, however, is DISMISSED WITH PREJUDICE.

Plaintiff is granted until **September 16, 2013** to file a motion to the magistrate judge which seeks permission to file an amended complaint addressing the deficiencies noted in this Order.  The Court CAUTIONS Plaintiff that, if she fails to timely file a motion seeking leave to file an amended complaint, the claims which this Court has dismissed without prejudice will automatically be dismissed with prejudice.  The Court emphasizes that it has not granted Plaintiff leave to add new parties, claims, or theories of liability.  If Plaintiff wishes to add new parties, claims, or theories of liability, she must either obtain a stipulation from Defendant or file a separate motion seeking leave to amend according to the Rule 16 Scheduling Order.

## CONCLUSION

On the basis of the foregoing, Defendant's Motion to Dismiss Complaint and Expunge Lis Pendens, filed on May 28, 2013, is HEREBY GRANTED, and Plaintiff's Motion to Take Judicial Notice, filed June 18, 2013, is HEREBY GRANTED.  Defendant's Motion is GRANTED with respect to Count I, which is DISMISSED WITH PREJUDICE.  The Motion is GRANTED with respect to Count II, which is DISMISSED WITHOUT PREJUDICE as to Plaintiff's claim pursuant to Haw. Rev. Stat. § 669-1, and DISMISSED WITH

PREJUDICE as to Plaintiff's claim under Haw. Const. art. XVI, § 12.  To the extent that the Court has dismissed a portion of Count II in the Complaint without prejudice, the Court GRANTS Plaintiff leave until **September 16, 2013** to submit a motion to the magistrate judge seeking permission to file an amended complaint consistent with the terms of this Order.

IT IS SO ORDERED.

DATED AT HONOLULU, HAWAII, August 27, 2013.



/S/ Leslie E. Kobayashi
Leslie E. Kobayashi
United States District Judge

**MILLICENT ANDRADE V. US NATIONAL BANK ASSOCIATION, ETC.; CIVIL NO. 13-00255 LEK-KSC; ORDER GRANTING DEFENDANT'S MOTION TO DISMISS COMPLAINT AND EXPUNGE LIS PENDENS AND GRANTING PLAINTIFF'S MOTION TO TAKE JUDICIAL NOTICE**