IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

```
MILLICENT M. ANDRADE,            )   CIVIL NO. 13-00255 LEK-KSC
                                 )
          Plaintiff,             )
                                 )
     vs.                         )
                                 )
US BANK NATIONAL ASSOCIATION,    )
as Trustee for the Structured    )
Asset Investment Loan Trust,     )
2005-HE3,                        )
                                 )
          Defendant.             )
_____  )
```

**ORDER DENYING PLAINTIFF'S MOTION TO RECONSIDER**
**ORDER DISMISSING CLAIMS WITH PREJUDICE**

Before the Court is pro se Plaintiff Millicent Andrade's ("Plaintiff") Motion to Reconsider Order Dismissing Claims with Prejudice and Motion for Leave to Amend Complaint ("Motion"),[1] filed on September 16, 2013. [Dkt. no. 19.] Defendant US Bank National Association, as Trustee for the Structured Asset Investment Loan Trust, 2005-HE3 ("Defendant") filed its memorandum in opposition on September 19, 2013, and Plaintiff filed her reply on October 18, 2013. [Dkt. nos. 22, 23.]

---

[1] This Court issued an entering order referring the portion of the Motion regarding Plaintiff's motion to amend complaint to the magistrate judge for disposition. [EO: Regarding Plaintiff's Motion to Reconsider Order Dismissing Claims With Prejudice and Motion for Leave to Amend Complaint, filed 9/17/13 (dkt. no. 20).]

The Court finds this matter suitable for disposition without a hearing pursuant to Rule LR7.2(d) of the Local Rules of Practice of the United States District Court for the District of Hawai`i ("Local Rules"). After careful consideration of the Motion, supporting and opposing memoranda, and the relevant legal authority, Plaintiff's Motion is HEREBY DENIED for the reasons set forth below.

## BACKGROUND

The relevant factual and procedural background in this case is set forth in this Court's August 27, 2013 Order Granting Defendant's Motion to Dismiss Complaint and Expunge Lis Pendens and Granting Plaintiff's Motion to Take Judicial Notice ("8/27/13 Order"). 2013 WL 4552186. In the 8/27/13 Order, this Court granted Defendant's Motion to Dismiss Complaint and Expunge Lis Pendens ("Defendant's Motion"), filed May 28, 2013, [dkt. no. 5,] and dismissed Plaintiff's claim for wrongful foreclosure ("Count I") with prejudice. 2013 WL 4552186, at *14.

Plaintiff's Motion seeks reconsideration of the 8/27/13 Order with respect to the dismissal of Count I with prejudice, in light of the California Court of Appeal's recent decision in Glaski v. Bank of America, National Ass'n, 160 Cal. Rptr. 3d 449 (Cal. Ct. App. 2013).

**DISCUSSION**

In order to obtain reconsideration of the 8/27/13 Order, Plaintiff's Motion "must accomplish two goals. First, a motion for reconsideration must demonstrate reasons why the court should reconsider its prior decision. Second, a motion for reconsideration must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision." See Donaldson v. Liberty Mut. Ins. Co., 947 F. Supp. 429, 430 (D. Hawai`i 1996); accord Tom v. GMAC Mortg., LLC, CIV. NO. 10-00653 SOM/BMK, 2011 WL 2712958, at *1 (D. Hawai`i July 12, 2011) (citations omitted). This district court recognizes three grounds for granting reconsideration of an order: "(1) an intervening change in controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or prevent manifest injustice." White v. Sabatino, 424 F. Supp. 2d 1271, 1274 (D. Hawai`i 2006) (citing Mustafa v. Clark County Sch. Dist., 157 F.3d 1169, 1178-79 (9th Cir. 1998)).

"Whether or not to grant reconsideration[,]" however, "is committed to the sound discretion of the court." Navajo Nation v. Confederated Tribes & Bands of the Yakama Indian Nation, 331 F.3d 1041, 1046 (9th Cir. 2003) (citing Kona Enter., Inc. v. Estate of Bishop, 229 F.3d 877, 883 (9th Cir. 2000)). "As long as a district court has jurisdiction over the case, then it possesses the inherent procedural power to reconsider,

rescind, or modify an interlocutory order for cause seen by it to be sufficient." City of Los Angeles, Harbor Div. v. Santa Monica Baykeeper, 254 F.3d 882, 889 (9th Cir. 2001) (internal quotation marks omitted).

Plaintiff's Motion does not satisfy any of the three grounds for granting reconsideration of an order.  Plaintiff's Motion seeks reconsideration of the 8/27/13 Order on the ground that Glaski provides new legal support for Count I.  [Motion at 2.]  Even assuming *arguendo* that Glaski provides such support, it does not present an intervening change in controlling law because a decision by a California state court is not controlling law for a federal district court in Hawai`i.  Further, the Motion provides no new evidence previously unavailable, and no need to correct clear or manifest error in law or fact to prevent manifest injustice.

Plaintiff also cites a number of cases that she contends are consistent with Glaski.  [Id. at 5 (some citations omitted) (citing Wells Fargo Bank, N.A. v. Erbobo, No. 31648/2009, 39 Misc.3d 1220(A) (N.Y. Sup. Ct. Apr. 29, 2013); Junger v Bank of America, N.A., 2012 WL 603262 at *3 (C.D. Cal. 2012); Vogan v. Wells Fargo Bank, N.A., 2011 WL 5826016 (E.D. Cal. 2011)).]  Plaintiff, however, could have relied on these cases in her pleadings or at the hearing on Defendant's Motion. See Haw. Stevedores, Inc. v. HT & T Co., 363 F. Supp. 2d 1253,

1269 (D. Hawai`i 2005) ("reconsideration may not be based on evidence and legal arguments that could have been presented at the time of the challenged decision").

To the extent that Plaintiff's reply presents different variations of Plaintiff's arguments, those arguments are also not properly before this Court, as Plaintiff should have raised the arguments in the Motion itself.  See Local Rule LR7.4 ("Any argument raised for the first time in the reply shall be disregarded.").  This Court therefore FINDS that Plaintiff has not presented any ground warranting reconsideration of the 8/27/13 Order's dismissal of Count I with prejudice.

## CONCLUSION

On the basis of the foregoing, Plaintiff's Motion to Reconsider Order Dismissing Claims with Prejudice, filed September 16, 2013, is HEREBY DENIED.

IT IS SO ORDERED.

DATED AT HONOLULU, HAWAII, October 28, 2013.



/S/ Leslie E. Kobayashi
Leslie E. Kobayashi
United States District Judge

**MILLICENT ANDRADE VS. US NATIONAL BANK ASSOCIATION, ETC.; CIVIL NO. 13-00255 LEK-KSC; ORDER DENYING PLAINTIFF'S MOTION TO RECONSIDER ORDER DISMISSING CLAIMS WITH PREJUDICE**